IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> FRANKE, INC. d/b/a Franke FoodService Systems, <br><br> Defendant. | CIVIL ACTION NO. <br><br> COMPLAINT <br><br> JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Reginald Parks who was adversely affected by such practices. The Commission alleges that Defendant Franke Inc., d/b/a Franke FoodService Systems, denied Mr. Parks, an African-American temporary employee working through a staffing agency, permanent employment because of a prior felony conviction. Although Defendant denied Mr. Parks permanent employment, Defendant had employed a White male who had a felony conviction. Because of Defendant's action, Mr. Parks suffered lost income and mental and emotional injuries.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

1

5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant Franke FoodService Systems, (the "Employer"), a Delaware corporation, has continuously been doing business in the State of Tennessee and the City of LaVergne, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Reginald Parks filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2007, Defendant Employer engaged in unlawful employment practices at its LaVergne, Tennessee facility, in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. In 2006, Reginald Parks, an African-American, was placed by Kelly Services as a spot welder at Defendant's facility in LaVergne, Tennessee.

9. On April 20, 2007, Mr. Parks completed an application for a permanent position with Defendant.

10. Defendant's application asked if the applicant had ever been convicted of a felony.

11. Defendant's application provided that having a felony conviction would not automatically disqualify one from employment.

12. Mr. Parks, who had been convicted of a non-violent felony in 2003, truthfully answered "yes."

13. Defendant did not afford Mr. Parks an interview, and failed to hire him.

14. Previously, a White applicant had completed an application for permanent employment on June 14, 2006.

15. The White applicant had several violent felony convictions.

16. The White applicant answered "yes" to the question about having a felony conviction.

17. In June 2006, Defendant both interviewed and hired the White applicant despite his admission on his application to a felony conviction.

18. This person was still employed by Defendant when Defendant rejected Mr. Parks' application for permanent hire.

3

19. The effect of the practices complained of in paragraphs 8 – 18 above has been to deprive Reginald Parks of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

20. The unlawful employment practices complained of in paragraph 8 – 18 above were intentional.

21. The unlawful employment practices complained of in paragraph 8-18 above were done with malice or reckless indifference to the federally protected rights of Reginald Parks.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of race.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Reginald Parks by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring.

D. Order Defendant Employer to make whole Reginald Parks, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-18 above, including emotional pain, suffering,

4

inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant Employer to pay Reginald Parks punitive damages for its malicious and reckless conduct described in paragraphs 8-18 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams/by SR w/ permission*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

*Deidre Smith/by SR w/ permission*
DEIDRE SMITH
Supervisory Trial Attorney
TN Bar No. 18499

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
(901) 544-0088

*Sally Ramsey*
SALLY RAMSEY
Senior Trial Attorney
TN Bar No. 18859

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105