IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 3:08-0516 |
| v. | ) ) ) | Judge Echols/ Magistrate Judge Knowles |
| FRANKE, INC. d/b/a Franke FoodService Systems, | ) ) ) | |
| Defendant. | ) ) ) | JURY DEMAND |

## ANSWER TO AMENDED COMPLAINT

Defendant, Franke, Inc. d/b/a Franke Food Service Systems ("Franke"), hereby responds to Plaintiff's Amended Complaint and states:

I.

The allegations in the paragraph of Plaintiff's Amended Complaint titled "Nature of the Action" do not require a response from Franke as the statements therein are mere preamble and do not contain specific allegations of fact. To the extent the allegations in the paragraph of Plaintiff's Amended Complaint titled "Nature of the Action" are intended to assert allegations of fact, Franke denies them.

II.

In response to the specific allegations in Plaintiff's Amended Complaint, Franke states as follows:

1. Paragraph 1 of the Amended Complaint does not contain allegations of fact that require a response from Franke. To the extent the allegations in Paragraph 1 of the Amended

Complaint give rise to inferences that Franke has violated the law, Franke denies them. Franke does not, however, contest federal jurisdiction of the claims asserted in the Amended Complaint.

2. The allegations in Paragraph 2 of the Amended Complaint are denied because Franke did not commit any unlawful employment practices. Franke, however, does not contest the venue of this action.

3. Denied. Without admitting that there is any valid factual basis for the claims asserted in Plaintiff's Amended Complaint, Franke does not contest Plaintiff's authority to bring this action.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied.

8. Admitted.

9. Denied as stated. Franke admits that on April 20, 2007, Reginald Parks completed an application to become employed by Franke. Contrary to the allegations in Paragraph 9, the position for which Reginald Parks had applied would not have been a "permanent position" with Franke.

10. Admitted.

11. Denied as stated. Franke admits that its application contained language stating that a prior felony conviction would not automatically disqualify the applicant from employment.

12. The allegations in Paragraph 12 of the Amended Complaint are too imprecise for Franke to form a belief as to whether Reginald Parks had been convicted of a "non-violent felony," and therefore Franke denies the allegations in this paragraph.

13. Denied as stated. Franke admits that it did not interview Reginald Parks for the position for which he had applied and he was not hired by Franke.

14. Denied as stated. Franke admits a white person completed an employment application on June 14, 2006.

15. The allegations in Paragraph 15 of the Amended Complaint are too imprecise for Franke to form a belief as to whether the applicant in question had "several" felony convictions and whether the convictions were for "violent" felonies, and therefore Franke denies the allegations in this paragraph.

16. Denied as stated. Franke admits the white person who completed an employment application on June 14, 2006, disclosed one prior felony conviction on the application.

17. Denied. The clear import of the allegations in Paragraph 17 of the Amended Complaint is that Franke interviewed and hired the applicant in question with actual knowledge of his criminal record, which is untrue.

18. Denied as stated. Paragraph 18 of the Amended Complaint is intentionally deceptive. By alleging that the "White applicant" was still employed by Franke at the moment Reginald Parks' application was rejected, Plaintiff has carefully avoided facts which squarely rebut its allegations of intentional discrimination; namely (1) Franke hired the "White applicant" by mistake, and (2) Franke terminated the "White applicant's" employment after Reginald Parks brought the "White applicant's" prior felony convictions to the attention of Franke.

19. Denied.

20. Denied.

21. Denied.

22. Franke denies that Plaintiff is entitled to any of the relief requested in its "Prayer For Relief" in the Amended Complaint.

23. Any allegations in the Amended Complaint that have not been either expressly admitted or denied above are hereby denied.

III.

**ADDITIONAL DEFENSES**

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2. Plaintiff's Amended Complaint fails to allege any facts that would support the imposition of punitive damages against Defendant herein and the imposition of punitive damages would violate the constitutional and/or other rights of Defendant.

3. Under the facts and circumstances of this case, an award of punitive damages would violate, in addition to other rights of Defendant, substantive and procedural due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution and corresponding provisions of the Constitution of the State of Tennessee in the following particulars:

   a. It is unconstitutional to allow a person or organization to be punished on the basis of a standard as vague and ill-defined as the common law concept of gross negligence, reckless disregard or conscious indifference.

   b. It is unconstitutional to allow a person or organization to be punished for any conduct when that person or organization is unable to determine, prior to the hearing, what the standards used in assessing punishment would be and where the jury has almost total and unbridled discretion in determining the amount of that punishment. The standards for assessing punitive damages in this case are unconstitutionally vague and allow the jury to assess punitive damages based upon criteria wholly unrelated to Defendant's conduct and completely beyond the control of the Defendant.

   c. Because the award of punitive damages has quasi criminal attributes, both as to rationale and effect, it is unconstitutional to award punitive damages based solely on a mere preponderance of the evidence.

   d. Under the facts and circumstances of this case, an award of punitive damages would violate the excessive fines, cruel and unusual punishment, and due process

clauses of the Tennessee and United States Constitutions in the particulars set forth below.

4. Any claim for monetary relief made by Plaintiff on Reginald Parks' behalf must be reduced or denied, as applicable, in an amount equal to Reginald Parks' interim earnings; by any amount he would have earned with reasonable diligence; by his failure or refusal to mitigate his claimed monetary losses; or for his failure or refusal, for whatever reason, to obtain or seek comparable employment after his application was denied by Franke.

5. Plaintiff's claim for equitable relief is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

IV.

WHEREFORE, having responded to the allegations in Plaintiff's Amended Complaint, Franke hereby requests that the Court enter an Order:

A. Dismissing the Complaint in its entirety, with prejudice;

B. Awarding Franke its reasonable attorney's and expert fees pursuant to 42 U.S.C. § 2000e-5(k);

C. Awarding Franke its costs and expenses; and

D. Awarding Franke such other relief as the Court deems just and proper.

Respectfully submitted,

s/Kenneth A. Weber
Kenneth A. Weber (#15730)
Ben Bodzy (#023517)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, P.C.
211 Commerce Street
Suite 1000
Nashville, TN 37201
(615) 726-5600 Telephone
(615) 726-0464 Facsimile

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2008, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Amended Complaint was served on the parties listed below via first class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

Faye A. Williams
Deidre Smith
Equal Employment Opportunity
 Commission
1407 Union Avenue, Suite 621
Memphis, TN 38104

Sally Ramsey
Equal Employment Opportunity
 Commission
50 Vantage Way, Suite 202
Nashville, TN 27338

s/ Kenneth A. Weber
Kenneth A. Weber