IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 3:08-0516 |
| v. | ) ) | Judge Echols / Knowles |
| FRANKE, INC. d/b/a Franke FoodService Systems, | ) ) ) | |
| | ) | JURY DEMAND |
| Defendant. | ) ) | |

## CONSENT DECREE

This lawsuit was filed by the Equal Employment Opportunity Commission (the "Commission") against Franke, Inc., d/b/a Franke FoodService Systems ("Franke FoodService"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, to remedy the unlawful employment practices alleged in the Complaint filed on May 20, 2008, and Amended Complaint filed on May 28, 2008. The Complaint alleges that Franke FoodService failed to hire Reginald Parks because of his race, African American.

Defendant denies that it discriminated against Reginald Parks in any fashion. The Parties have agreed to this Consent Decree to settle all of the claims involved in this lawsuit. This Consent Decree does not constitute an admission by the Defendant of the allegations in the complaint. The parties to this action desire to avoid the additional expense and delay in the litigation of this case.

This Decree constitutes the complete and exclusive agreement between the Commission and Franke FoodService with respect to the matters referred to herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties hereto, other than those recited or referenced in this Decree.

The Court has reviewed the terms of this Consent Decree in light of the applicable laws and regulations, the representations of counsel for all parties, and hereby approves the Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED:**

## JURISDICTION

1. The United States District Court for the Middle District of Tennessee, Nashville Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

## SCOPE AND DURATION

2. This Consent Decree resolves all issues and claims arising out of the Commission's complaint in this case, Civil Action No. 3:08-0516, alleging unlawful employment practices by Defendant based on Charge No 494-2007-02336 filed by Reginald Parks. This Consent Decree shall not be considered in any manner to be dispositive of any other charge which is or may be pending before any office of the Commission other than Charge No. 494-2007-02336. The provisions of this Consent

Decree shall be effective and binding upon the parties to this action for one year after the date of its entry by the Court.

## NONRETALIATION PROVISION

3. Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from discriminating against any employee because of race.

4. Defendant, its officers, agents, employees, and all persons acting in concert with Defendant are enjoined from retaliating against any employee, or applicant for employment.

## TRAINING

5. Defendant shall provide employment-discrimination awareness training to supervisory, and management personnel at Franke FoodService Tennessee locations according to the following terms:

   A. The training session will include at least two hours of instruction.

   B. The training will include the following topics: what constitutes race discrimination and disparate treatment in violation of Title VII; Defendant's policy against discrimination; consequences if managers do not follow or enforce Defendant's policy. Defendant will include a segment on the Commission's New Compliance Manual, Section 15, *Race and Color Discrimination*.

   C. Training will be conducted by an outside consultant.

   D. Within thirty days after execution of this Consent Decree by the parties, Defendant shall submit to the Commission the date of the proposed training session and a detailed outline of the proposed training.

E.  Defendant will conduct the training session within one hundred eighty days after the date of the entry of this Consent Decree by the Court.

F.  Defendant will produce to the Commission an attendance roster of all supervisors and managers at Franke FoodService Tennessee who participated in the training, listing the names, job titles, and date of attendance.

## INDIVIDUAL RELIEF

6.  In compromise and settlement of these disputed claims, Defendant agrees to pay to Reginald Parks a total of $7,400 back pay, including interest, from which Defendant will deduct applicable payroll taxes.

7.  Within 21 days of the entry of this decree, Defendant shall mail a cashier's check to Reginald Parks at the following address:

> 304 South Madison Avenue
> Fayetteville, TN 37334

The Defendant shall also mail a copy of the cashier's check to Sally Ramsey, Senior Trial Attorney, at the address below.

8.  Within 30 days of the entry of this decree, Defendant shall hire Reginald Parks. For purposes of applying to any posted openings, Mr. Parks' seniority shall be deemed to be April 26, 2007.

## REAFFIRMATION OF POLICIES AND PRACTICES

9.  Defendant shall reaffirm its nondiscriminatory hiring policy outlined in its Handbook, in "Section II - Employment Policies, part B. Equal Employment Opportunity" attached as Exhibit "A."

4

Case 3:08-cv-00516   Document 17   Filed 03/13/09   Page 4 of 7 PageID #: 49

## REPORTING PROVISION

10. Defendant shall maintain records of all applicants who complain of race discrimination at its Fayetteville plant for one year. These records shall include the race of the applicant, whether that applicant was hired, and whether the applicant was refused employment because of a record of a felony.

11. Defendant shall submit two reports to the Commission. Defendant shall submit the first within 6 months of entry of this Decree, and the second within 12 months of the entry. The reports will contain a summary of the information recorded by Defendant pursuant to #10 above. Defendant shall mail the reports to Sally Ramsey, Senior Trial Attorney, at the address below.

## COSTS

12. Each of the parties shall be responsible for their own costs and fees.


IT IS SO ORDERED THIS _____ DAY OF _____ 2009.


_____
**ROBERT L. ECHOLS**
United States District Court Judge

Respectfully submitted:

FOR THE DEFENDANT

_____
**KENNETH A. WEBER** (TN No. 15730)
**BENJAMIN H. BODZY** (TN No. 23517)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ
211 Commerce St, Suite 1000
Nashville, TN 37201
(615) 726-7369

FOR THE COMMISSION

**JAMES LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, D.C.

_____
**FAYE A. WILLIAMS** (TN No. 11730)
Regional Attorney

_____
**DEIDRE SMITH** (TN No. 18499)
Supervisory Trial Attorney

EQUAL EMPLOYMENT
OPPPORTUNITY COMMISSION
1407 Union Avenue, Suite 621
Memphis, TN 38104
(901) 544-0140

_____
**SALLY RAMSEY** (TN No. 18859)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105

II. **EMPLOYMENT POLICIES**

    B.    **EQUAL EMPLOYMENT OPPORTUNITY**

The Company is an equal opportunity employer and makes employment decisions on the basis of merit. We want to have the best available persons in every job. Company policy prohibits unlawful discrimination based on race, color, creed, sex, religion, age, national origin or ancestry, physical or mental disability, status as a Vietnam-era or special disabled veteran, or any other consideration made unlawful by federal, state or local laws. All such discrimination is unlawful and will not be tolerated by the Company.

The Company is committed to complying with all applicable laws providing equal employment opportunities. This commitment applies to all persons involved in the operation of the Company and prohibits unlawful discrimination by any employee of the Company, including supervisors and co-workers.